**Ilbir CAMPOS–MEJIA, Petitioner,**

v.

**Lorettaa E. LYNCH, Attorney General, Respondent.**

**No. 12–71586.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2015.*

Filed Nov. 10, 2015.

Todd Becraft, Law Office of Todd Becraft, Los Angeles, CA, for Petitioner.

Ilbir Campos–Mejia, pro se.

OIL, Tiffany L. Walters, Trial, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office Of The Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER and GOULD, Circuit Judges, and DANIEL,** Senior District Judge.

**MEMORANDUM ***

Petitioner Ilbir Campos–Mejia, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen to allow him to seek special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act. Specifically, Campos–Mejia asked the BIA to reopen proceedings *sua sponte* under 8 C.F.R. § 1003.2(a), which allows the BIA to "at any time reopen or reconsider on its own motion any case in which it has rendered a decision." The BIA denied the motion. Campos–Mejia contends that we have jurisdiction to review the BIA's denial. We disagree.

Because there is no judicially manageable standard for us to evaluate, "we lack jurisdiction to review a BIA decision not to reopen proceedings sua sponte." *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir.2014) (citing *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002)). Campos–Mejia contends that *In re J–J–, 21 I. & N. Dec.* 976, 984 (B.I.A.1997) (en banc), established a standard of review because it explained that the BIA will reopen proceedings *sua sponte* when "exceptional situations" exist. That argument was explicitly rejected in *Ekimian*, 303 F.3d at 1158.

**Petition DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for Colorado, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.